[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
This is a four-count action in which the plaintiff claims the defendant attorney recommended that the plaintiff establish an irrevocable trust, convey real estate assets to the trust, and appoint the defendant as trustee. The plaintiff claims the defendant attorney represented that such a trust would be CT Page 3608 taxed as a separate taxable entity so that any profits on the sale of assets in the trust, or other income to the trust, would be taxed to the trust and not to the plaintiff.
The plaintiff claims that the trust was created; that real estate assets were transferred to the trust; that the defendant was designated as trustee; and, that the defendant caused the trust to pay to himself $30,000.00 as legal and trustee fees.
The plaintiff claims he subsequently learned that the defendant's representations were in error in that profits on the sale of trust assets or other income to the trust would not be taxed to the trust as a separate entity, but would be taxed to the plaintiff himself. The plaintiff claims he suffered damages because of the tax ramifications, costs of conveyance, and the fees paid.
To mitigate his losses, the plaintiff claims he sought the defendant's cooperation in terminating the trust, but the defendant refused to cooperate. Instead, the defendant resigned as trustee and the plaintiff himself was required to terminate the trust. The plaintiff claims the defendant breached a duty of good faith and fair dealing.
The first count sounds in negligence, the second count alleges a breach of an oral contract, the third count alleges a breach of fiduciary duty.
In the fourth count, the plaintiff alleges a CUTPA violation claiming the defendant's acts recited above constituted unfair or deceptive acts or practices. It is this count and the relief for attorney's fees and punitive damages which the defendant has moved to strike.
C.G.S. 42-110b (a) provides that no person shall engage in unfair methods of competition and unfair and deceptive acts or practices in the conduct of trade or commerce.
The Connecticut Unfair Trade Practices Act is a remedial statute enacted to foster honesty and full disclosure in the conduct of business.
The terms trade or commerce cover the distribution of services and property whether tangible or intangible. In Heslin v. Connecticut Law Clinic, 190 Conn. 510, 461 A.2d 938 (1983), it was held that CUTPA applies to the conduct of attorneys.
Section 42-110g of the General Statutes provides that any person who suffers any ascertainable loss of money or property as a result of the use or employment of unfair or deceptive acts CT Page 3609 or practices may bring an action to recover actual damages.
In order to prevail on the claims in the fourth count of the complaint the plaintiff must allege acts or practices which are unfair or deceptive on the part of the defendant.
The criteria for determining when acts or practices are unfair are as follows:
 1. Whether the acts or practices, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law or otherwise -whether, in other words they are within at least the shadow or reflection of some common law, statutory or other established concept of fairness.
 2. Whether they are immoral, unethical, oppressive or unscrupulous.
 3. Whether they cause substantial injury to the plaintiff. Daddona v. Liberty Mobile Home Sales, Inc., 209 Conn. 243, 254, 550 A.2d 1061 (1988).
All three criteria do not need to be satisfied to support a finding that an act or acts were unfair. Unfairness may be found to the degree it meets one of the criteria or because to a lesser extent it meets all three. Atlantic Ritchfield v. Canaan Oil Co., 202 Conn. 234, 242, 520 A.2d 1008 (1987).
For an act to be "deceptive" under this statute, the action must have a tendency or capacity to deceive the plaintiff. To establish the defendant liable under a claim of deceptive act the plaintiff must prove that he was in fact deceived. The plaintiff need not prove reliance upon that representation became part of the basis of his conduct nor need the plaintiff prove that the defendant knew the representation was false. Knowledge by the defendant of the falsity of a representation need not be proven to establish a violation of CUTPA. Web Press Services Corp. v, New London Motors, Inc., 203 Conn. 342, 363,525 A.2d 57 (1987). These are very broad criteria.
In reviewing the allegations of the complaint, the court must accept those allegations as true and must construe those allegations most favorably to the plaintiff, Amadio v. Cunningham, 182 Conn. 80, 82-83, 438 A.2d 6 (1930). The allegations above are sufficient to survive a motion to strike. Because the relief requested is authorized under CUTPA, the prayers for attorney's fees and punitive damages also survive. CT Page 3610
The motion to strike is denied.
Nigro, J.